UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL LUIS CRUZADO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>Defendant. | CASE NO. 2:22-cv-1474<br><br>ORDER DENYING ENTRY OF DEFAULT |

Before the Court is pro se Plaintiff Angel L. Cruzado's Motion for U.S. District Court to Issue Judgment by Default Against City of Seattle (Dkt. No. 26) and his amended motion (Dkt. No. 27). In his motion, Plaintiff alleges the City failed to respond to his complaint within the time allowed and that he is therefore entitled to injunctive and other relief.

On October 14, 2022, Plaintiff filed his initial complaint against Washington State and the Seattle Police Department, alleging they violated his constitutional and statutory rights. Dkt. Nos. 1, 4. On May 30, 2023, he amended his complaint, substituting the City of Seattle for Seattle Police Department as a named defendant. Dkt. Nos. 14, 15, 17. The following day, May 31, the City returned a signed summons waiver to Plaintiff, which stated in relevant part that the City "will have 60 days from the date this notice is sent to answer the complaint." Dkt. No. 19. Yet less than

- 1

30 days later, Plaintiff filed this motion against the City alleging default and seeking various injunctive and other relief.[1] Dkt. No. 26. The City appeared in this action through counsel on June 14, 2023. Dkt. Nos. 22, 23.

Ordinarily, defendants have 21 days after service of the summons and complaint to answer or otherwise respond. Fed. R. Civ. P. 12(a)(1). But where the defendant timely returns a waiver of service form—as is the case here—the time in which to respond is expanded to 60 days from the date the request for waiver of service form was sent. Fed. R. Civ. P. 4(d)(3). Because less than 60 days has passed since the waiver of service form was sent and returned, Plaintiff's motion for default is DENIED as premature. As a separate grounds for denial, Plaintiff's motion lacks the required proof that he served the City with "written notice" of his "intention to move for the entry of default at least fourteen days prior to filing" his motion. LCR 55(a). Thus, Plaintiff's motion is procedurally defective and fails for that reason as well.

The Court DENIES both of Plaintiff's Motions. Dkt. Nos. 26, 27.

Dated this 1st day of August, 2023.

Jamal N. Whitehead
United States District Judge

---

[1] The City of Seattle has also filed a motion to dismiss, which is currently pending before the Court. Dkt. No. 29.

ORDER DENYING ENTRY OF DEFAULT - 2