UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL LUIS CRUZADO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON and CITY OF SEATTLE,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-1474<br><br>ORDER GRANTING THE CITY OF SEATTLE'S MOTION TO DISMISS THE CITY AS A DEFENDANT |

　　　　Plaintiff Luis Cruzado seeks injunctive relief against Defendants State of Washington and City of Seattle for violating his civil rights. The City moves to dismiss Cruzado's claims under Federal Rules of Civil Procedure 12(b)(1) and (6), arguing Cruzado lacks Article III standing to sue and that he fails to state a claim upon which relief can be granted. Dkt. No. 29. Also before the Court is the City's motion to stay the initial case scheduling deadlines. Dkt. No. 30.

## BACKGROUND

　　　　The Court takes the following alleged facts from Cruzado's amended complaint and considers them true for purposes of ruling on the pending motion to dismiss. *See* Dkt. No. 17; Fed. R. Civ. P. 12(b)(6).

　　　　Cruzado's complaint arises from a family law dispute in King County Superior Court. Dkt. No. 17 at 14. On December 19, 2017, King County Court Commissioner Melinda Johnson-

ORDER GRANTING THE CITY OF SEATTLE'S MOTION TO DISMISS THE CITY AS A DEFENDANT - 1

Taylor held a 20-minute hearing and issued a year-long civil domestic violence protective order (DVPO) against Cruzado. *Id.* At the hearing, Cruzado was not allowed to present witness testimony, give an opening statement, testify on his own behalf, plead the Fifth Amendment, cross-examine his accuser, or appear in court through a criminal defense attorney. *Id.* Before Commissioner Johnson-Taylor issued the DVPO, Cruzado was not summonsed, arrested, arraigned, or read his *Miranda* warning. *Id*.

Cruzado now challenges the Washington Domestic Violence Prevention Act (DVPA), RCW § 26.50, *et seq*. *Id.* at 6. He alleges the State violated his rights under the Fifth Amendment of the United States Constitution. *Id.* at 2, 7, 26.

In his complaint, Cruzado prays for "recission" of the Civil DVPO issued on December 19, 2017, and recission of its renewal on December 18, 2018, which followed his alleged violation of the original Civil DVPO. *Id.* at 7. He also seeks injunctive relief, including stopping the Seattle Police from "automatically refer[ing] or forward[ing] directly or indirectly Civil DVPOs to Seattle Prosecutor's Office without Due Process," and requiring the State to use trial judges, instead of commissioners, when issuing a one-year civil DVPO. *Id.* Cruzado does not seek monetary damages, a point he makes clear in his response to the City's motion. Dkt. No. 31 at 2 ("This federal civil action (42 U.S.C. § 1983) seeks injunctions against the City, without damages.").

## DISCUSSION

I.   Legal standard.

Federal courts are courts of limited jurisdiction with subject matter jurisdiction only over cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415

(9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject matter jurisdiction."). A motion to dismiss may be brought for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A federal court must dismiss an action if it determines that it lacks subject matter jurisdiction "at any time." Fed. R. Civ. P. 12(h)(3); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1)."). Subject matter jurisdiction includes doctrines of justiciability under Article III of the Constitution, including standing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) ("It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the [threshold] requirement imposed by Article III of the Constitution."). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

A "Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

## II.     Plaintiff does not have standing to sue the City for injunctive relief.

The City argues Cruzado lacks Article III standing to seek the requested injunctive relief. To establish Article III standing, Plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

ORDER GRANTING THE CITY OF SEATTLE'S MOTION TO DISMISS THE CITY AS A DEFENDANT - 3

"[A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion LLC*, 141 S. Ct. at 2210. The party seeking injunctive relief must show that there is a "sufficient likelihood that he will again be wronged in a similar way." *Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002) (internal quotation marks omitted). "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *Lyons*, 461 U.S. at 111. In *Lyons*, the Supreme Court emphasized the "need for a proper balance between state and federal authority" and to exercise "restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws." *Id.* at 112.

Cruzado does not allege that he is currently restrained by DVPO in Washington. Similarly, Cruzado does not allege that he is likely to be subject to another DVPO in Washington, and his amended complaint is devoid of any allegations on its face to suggest that there is such a likelihood. In fact, his complaint suggests the opposite, as Cruzado reports that he relocated from Washington to California on July 25, 2019. Dkt. No. 17 at 10. And he does not allege that he intends to move back to Washington state. Cruzado's only alleged connection to Washington is that he has a "Court Order to Child Support through Washington State." *Id.* at 39.

In his response to the City's motion to dismiss, Cruzado tries to establish his connections to Washington, but "[a] plaintiff … may not amend [his] pleading via [his] responsive brief." *Olympic Tug & Barge, Inc. v. Lovel Briere LLC*, No. C22-1530JLR, 2023 WL 2864570, at *8 (W.D. Wash. Apr. 10, 2023). Even if Cruzado's claim that he still has "connections and interests in Washington State [that] persist despite [his] current residence" including "relationships with WA State's Child Support [Division], medical care, and employment," was found in his

ORDER GRANTING THE CITY OF SEATTLE'S MOTION TO DISMISS THE CITY AS A DEFENDANT - 4

complaint, and not his responsive brief, his claim would still fall short of showing a real and imminent threat. Dkt. No. 31 at 4. "A 'mere physical or theoretical possibility' that the challenged conduct will again injure the plaintiff is insufficient to establish a present case or controversy." *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 766 (9th Cir. 1987) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). Thus, Cruzado's "mere attestation that [he] fears repetition of the challenged conduct is insufficient to show a likelihood of recurrence." *Id.*

Accordingly, the Court finds that Cruzado lacks standing to pursue his claims for injunctive relief. His claims for injunctive relief are DISMISSED without prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("[A] case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

### III. Plaintiff lacks standing to sue the State for injunctive relief.

The Court has an "independent obligation to examine standing to determine" whether Cruzado's claims fall in line with the case or controversy requirement of Article III, Section 2 of the Constitution. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010). Thus, the Court may address jurisdictional issues *sua sponte* if it determines that it lacks subject matter jurisdiction. *Leem v. Bank of Am. Home Loans*, No. C13-1517RSL, 2014 WL 897378, at *1 (W.D. Wash. Mar. 6, 2014) ("[T]his Court has an ongoing obligation to ensure that it has jurisdiction over Plaintiffs' claims and may raise the issue sua sponte."). Here, the Court has determined that Cruzado lacks standing to sue the City, but his claims against the State arise from the same nucleus of facts and are premised upon the same alleged Constitutional violation. As such, the Court finds that Cruzado lacks standing to sue the State for the harms alleged, and therefore, DISMISSES his action against the State as well.

ORDER GRANTING THE CITY OF SEATTLE'S MOTION TO DISMISS THE CITY AS A DEFENDANT - 5

**IV. Plaintiff fails to state a claim upon which relief can be granted.**

Even if Cruzado had standing to sue, he fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint." *Wetherell v. Colvin*, No. C 13-0889 MMC, 2013 WL 1899691, at *1 n. 1 (N.D. Cal. May 7, 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).

Cruzado's Section 1983 action is governed by Washington's three-year statute of limitations for personal injury actions. *See Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Because Cruzado's claim accrued at the latest in December 2018, when the DVPO was renewed, the statute of limitations on any claims related to the DVPO expired in December 2021. Cruzado does not plead facts showing the potential applicability of the equitable tolling or other waiver doctrines. *See Cervantes v. City of San Diego,* 5 F.3d 1273, 1277 (9th Cir. 1993). And the "mere continuing impact from past violations is not actionable," and thus, will not suffice to extend the statute of limitations in Section 1983 cases. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (internal quotation marks omitted) (holding the continuing violation doctrine did not extend the statute of limitation for plaintiff's Section 1983 claims because the plaintiff failed to establish that "a new violation occurs each time" the alleged depravation of rights occurred as opposed to "the continuing effect of the original [depravation]"). Thus, Cruzado's claims appear time-barred on the face of his complaint.

In addition, Cruzado purports to bring a Section 1983 claim against the State, but it is well-settled law that "a state and its officials sued in their official capacity are not considered 'persons' within the meaning of § 1983, due to the sovereign immunity generally afforded states

by the Eleventh Amendment." *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). Cruzado's claim would still fail to the extent he named Commissioner Johnson-Taylor, as "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). "Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate § 1983 action is unnecessary." *Wilder v. U.S. Army Corps of Engineers*, No. C21-0574RSL, 2021 WL 1788396, at *2 (W.D. Wash. May 5, 2021) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 522–23 (1985). So any claim against Johnson-Taylor for her judicial rulings would also be barred.

## CONCLUSION

For the reasons stated above, the City's motion to dismiss is GRANTED. Dkt. No. 29. The City of Seattle is DISMISSED as a party without prejudice. Additionally, Plaintiff's claims against the State of Washington are also DISMISSED without prejudice. Finally, the City's motion to stay initial scheduling deadline is DENIED as MOOT. Dkt. No. 30.

Dated this 19th day of September, 2023.

Jamal N. Whitehead
United States District Judge