1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGEL LUIS CRUZADO,

               Plaintiff,

     v.

STATE OF WASHINGTON and CITY OF SEATTLE,

               Defendants.

CASE NO.  2:22-cv-1474

ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Angel Luis Cruzado moves for reconsideration of this Court's order dismissing the State of Washington from his case. Dkt. Nos. 42, 43. He asks the Court to "require the [S]tate [to] address the four constitutional challenges outlined in this case." Dkt. No. 43 at 1.

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id*. Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted).

1

2    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests

of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of*

3    *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "may not be

4    used to raise arguments or present evidence for the first time when they could

5    reasonably have been raised earlier in the litigation." *Id*. "Whether or not to grant

6    reconsideration is committed to the sound discretion of the court." *Navajo Nation v.*

7    *Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046

8    (9th Cir. 2003).

9

10        In his motion for reconsideration, Cruzado makes several arguments about

the merits of his case and why a trial on his claims is warranted. But the Court

11    dismissed Cruzado's complaint because he lacked standing to pursue the relief

12    sought, and his motion for reconsideration fails to address this defect in anyway.

13    For example, Cruzado failed to show that there was a "sufficient likelihood that he

14    will again be wronged in a similar way." *Canatella v. Cal.*, 304 F.3d 843, 852 (9th

15    Cir. 2002) (internal quotation marks omitted).

16

17        Because Cruzado lacks standing, the Court lacks discretion to hear his case.

"Article III of the United States Constitution 'requires a litigant to have "standing"

18    to invoke the power of a federal court.'" *Williams v. Boeing Co.*, 517 F.3d 1120, 1126-

19    27 (9th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "[W]hen a

20    federal court concludes that it lacks subject-matter jurisdiction, the court must

21    dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514

22    (2006).

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

        The Court also rejects Cruzado's attempt to join additional plaintiffs to avoid

dismissal of his case. Cruzado is a non-attorney proceeding pro se. He cannot

represent others. *See Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664

(9th Cir. 2008) ("[T]he privilege to represent oneself pro se provided by § 1654 is

personal to the litigant and does not extend to other parties or entities."). If any of

the other plaintiffs intend to seek relief, they must bring their own complaints.

        Cruzado fails to show why the Court should reverse or modify its previous

ruling. Accordingly, his motion for reconsideration is DENIED.

        Dated this 28th day of November, 2023.

_____

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3